Leslie A. Berkoff, Esq.
David A. Blansky, Esq.
MORITT HOCK & HAMROFF LLP
1407 Broadway, 39th Floor
New York, New York 10018
Telephone: (212) 239-2000
*Counsel to Plaintiffs*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

EURO EXCHANGE SECURITIES UK LIMITED, Chapter 15

Debtor in a Foreign Proceeding. Case No 26-42754-ess

-------------------------------------------------------------------x

Luis Alberto Gasparini and Luis Alberto Gasparini,

Plaintiffs,

- against – Adv. Pro No. 26-01132-ess

Duncan Perring and James Bennett, solely in their representative capacities as Joint Special Administrators and Foreign Representatives of Euro Exchange Securities UK Limited,

Defendants.

-------------------------------------------------------------------x

# ADVERSARY AMENDED COMPLAINT

Plaintiffs Luis Alberto Gasparini and Luis Alberto Gasparini (together, the "Plaintiffs")[1], by their undersigned counsel, Moritt Hock & Hamroff LLP, for their Complaint against Defendants Duncan Perring and James Bennett (together, the "Defendants"), solely in their representative capacities as Joint Special Administrators and Foreign Representatives of Euro

[1] As Plaintiffs, who are father and son, have the same legal name, for purposes of clarity, the older Luis Alberto Gasparini shall be referred to as "Plaintiff Gasparini Sr". and the younger shall be referred to as "Plaintiff Gasparini Jr.".

Exchange Securities UK Limited (the "Debtor"), as and for their Amended Complaint allege as follows:

**NATURE OF THE PROCEEDING**

1. Plaintiffs commence this adversary proceeding seeking declaratory and equitable relief determining the parties' respective interests in certain condominium unit located in the State of Florida.

2. Plaintiffs allege that the Debtor holds bare legal title to the Florida Condo (as defined below) while the full beneficial and equitable ownership resides with one or both Plaintiffs under Florida law.

3. Plaintiffs further seek the imposition of a resulting trust, constructive trust, and/or equitable lien with respect to the Florida Condo (as defined below), and such further relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

4. This adversary proceeding arises in and relates to the above-captioned Chapter 15 case.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

6. This adversary proceeding is authorized by Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure.

7. The statutory predicates include 11 U.S.C. §§ 1509, 1520, and 1521, 28 U.S.C. § 2201, and applicable Florida law.

8. Venue is proper pursuant to 28 U.S.C. § 1409.

9. Plaintiffs consent to the entry of final orders and judgment to the extent permitted by law.

## THE UK PROCEEDING AND CHAPTER 15 RECOGNITION

10. On June 2, 2026, the Financial Conduct Authority commenced a special administration proceeding against Euro Exchange Securities UK Limited before the High Court of Justice of England and Wales (the "UK Proceeding").

11. On June 4, 2026, the High Court appointed Duncan Perring and James Bennett as Joint Managers pending final determination of the special administration application.

12. On June 4, 2026, the Joint Managers commenced the above-captioned Chapter 15 case seeking recognition of the UK Proceeding and provisional relief concerning the Debtor's United States assets. [D.E. 1]

13. On July 6, 2026, this Court entered an Order recognizing the UK Proceeding as a foreign main proceeding. [D.E. 13]

14. This Court recognized Duncan Perring and James Bennett as foreign representatives within the meaning of 11 U.S.C. § 101(24). [D.E. 13]

15. This Court entrusted the Joint Special Administrators with the administration and realization of the Debtor's property located within the territorial jurisdiction of the United States pursuant to 11 U.S.C. § 1521(a)(5). [D.E. 13]

16. Plaintiffs name Defendants solely in their representative capacities because they are the persons authorized to administer and defend claims relating to property asserted to belong to the Debtor within the United States.

## PARTIES

17. Plaintiff Gasparini Sr. is an individual residing in Miami-Dade County, Florida.

18. Plaintiff Gasparini Jr. is an individual residing in Miami-Dade County, Florida.

19. Defendant Duncan Perring is a Joint Special Administrator and Foreign Representative of Euro Exchange Securities UK Limited appointed by the High Court of Justice of England and Wales.

20. Defendant James Bennett is a Joint Special Administrator and Foreign Representative of Euro Exchange Securities UK Limited appointed by the High Court of Justice of England and Wales.

21. Defendants are sued solely in their representative capacities and not individually.

**FACTS APPLICABLE TO ALL CLAIMS FOR RELIEF**

22. In or about September 2006, legal title to the condominium unit located at 3540 Main Highway, Unit Villa-03 in Grove Gardens Residences, Coconut Grove, FL 33133 (the "Florida Condo"), was acquired in the name of Maria Mazara, as a married woman, by special warranty deed recorded in the land records of Miami-Dade County on October 11, 2006. A fair and accurate copy of the recorded deed is annexed hereto as Exhibit "A".

23. The purchase price was $1,215,000, as reflected by the deed and the documentary stamp tax imposed at the time of recording. See Exhibit "A".

24. At the time of the acquisition, Maria Mazara was married to Plaintiff Gasparini Sr.

25. The acquisition was financed in part through a mortgage executed in connection with the closing on the Florida Condo granted in favor of American Brokers Conduit in the principal sum of $972,000.00 and recorded in the land records of Miami-Dade County on October 11, 2006. A fair and accurate copy of the recorded mortgage is annexed hereto as Exhibit "B".

26. Plaintiff Gasparini Sr. executed the mortgage instrument as a mortgagor. See Exhibit "B".

27. Plaintiff Gasparini Sr. provided the contract deposit for the purchase of the Florida Condo and all of the cash to close on the purchase of the Florida Condo, which totaled no less than $243,000.00.

28. Euro Exchange Securities UK Limited did not exist in 2006 when the Florida Condo was initially purchased.

29. No portion of the down payment or cash to close was furnished by Euro Exchange Securities UK Limited.

30. The mortgage has remained a valid encumbrance upon the Florida Condo notwithstanding subsequent transfers of record title and continues to encumber the Florida Condo.

31. On or about January 23, 2008, Maria Mazara and Gasparini Sr. conveyed record title to the Florida Condo to Euro Financial Corp., an entity owned and controlled by Plaintiff Gasparini Sr., by quit claim deed recorded in the land records of Miami-Dade County on February 1, 2008. A fair and accurate copy of the recorded deed is annexed hereto as Exhibit "C".

32. The transfer to Euro Financial Corp. was made for no consideration and without any intent to convey any equitable or beneficial interest in or to the Florida Condo.

33. On or about June 18, 2008, Plaintiff Gasparini Sr., on behalf of Euro Financial Corp., conveyed record title to Euro Exchange Securities UK Limited by quit claim deed recorded in the land records of Miami-Dade County on June 19, 2008. A fair and accurate copy of the recorded deed is annexed hereto as Exhibit "D".

34. The transfer to Euro Exchange Securities UK Limited was made for no consideration and without any intent to convey any equitable or beneficial interest in or to the Florida Condo.

35. At no time did Plaintiff Gasparini Sr. intend to gift the equitable or beneficial ownership of the Florida Condo to either Euro Financial Corp. or Euro Exchange Securities UK Limited.

36. At all relevant times, Plaintiff Gasparini Sr. intended that Euro Financial Corp. and, later, Euro Exchange Securities UK Limited, would hold only bare legal title.

37. Since acquisition of the Florida Condo, the monthly mortgage payment has included an escrow for real estate taxes and property insurance.

38. The average monthly mortgage payment, inclusive of escrow, has been approximately $6,000.00 per month since acquisition of the Florida Condo.

39. The average monthly condominium owners association ("COA") charges and assessments have been between approximately $2,500.00 per month since acquisition of the Florida Condo.

40. Since acquisition of the Florida Condo, Plaintiff Gasparini Sr. has paid with personal funds every mortgage payment, every COA charge and assessment, every repair and maintenance payment, and all other costs attendant to the Florida Condo.

41. All such payments by Plaintiff Gasparini Sr. continue through the date of this Complaint.

42. Euro Exchange Securities UK Limited has never paid a dollar towards the Florida Condo—not towards the mortgage, COA charges or assessments, repair and maintenance or any other cost attendant to the Florida Condo.

43. Since acquisition of the Florida Condo, Plaintiff Gasparini Sr. has exercised exclusive decision-making authority and control over the Florida Condo including, without limitation, negotiating and administering all leases, selecting tenants, collecting all rental payments

and security deposits, managing and maintaining the property, and directing and paying for all repairs and improvements.

44. Conversely, Euro Exchange Securities UK Limited has never exercised any decision-making authority or control over the Florida Condo.

45. Among other things, Euro Exchange Securities UK Limited has never negotiated or administered leases, collected rent, authorized repairs or improvements, maintained the property, or otherwise exercised any dominion or control over the Florida Condo.

46. In June 2024, Plaintiff Gasparini Jr., in his individual capacity, entered into a contract providing for a substantial renovation of the Florida Condo. A fair and accurate copy of the remodeling contract is annexed as Exhibit "E".

47. Renovation of the Florida Condo included, without limitation, replacement of mechanical systems, extensive kitchen and bathroom remodeling, flooring replacement, electrical and plumbing upgrades, painting, finish carpentry, and other improvements that materially enhanced the condition, functionality, and value of the Florida Condo.

48. The remodeling took place been approximately July 2024 and January 2025.

49. At the direction of and in consultation with Plaintiff Gasparini Sr., Plaintiff Gasparini Jr. hired all the contractors and supervised the remodeling of the Florida Condo.

50. In total, approximately $275,000.00 was expended on the renovation project.

51. Plaintiff Gasparini Sr. provided approximately $121,000.00 of personal funds for the renovation project.

52. Plaintiff Gasparini Jr. provided approximately $100,000.00 of personal funds for the renovation project.

53. Euro Exchange Securities UK Limited paid only approximately $54,000.00 towards the renovation project.

54. In or about November 2024, Plaintiff Gasparini Jr. and his family took possession of the Florida Condo pursuant to a lease.

55. The lease is effectively a triple net lease whereby the tenant has the obligation to pay the mortgage, COA charges and assessments, and other expenses attendant to the Florida Condo.

56. For the reasons set forth above, Plaintiffs contend that the 2008 conveyances did not transfer any equitable or beneficial ownership of the Florida Condo.

57. Thus, Plaintiffs contend that Euro Exchange Securities UK Limited acquired nothing but bare legal title to the Florida Condo.

58. The Joint Special Administrators assert authority over the Florida Condo by virtue of the Chapter 15 Recognition Order.

59. An actual and justiciable controversy exists concerning the true equitable or beneficial ownership of the Florida Condo.

60. Plaintiffs have no adequate remedy at law.

61. Unless equitable relief is granted, Plaintiffs will suffer irreparable injury through the administration of property over which they claim 100% equitable and/or beneficial ownership.

## RESERVATION OF RIGHTS

62. Plaintiffs reserve the right to amend this Complaint to assert additional claims, supplement the factual allegations, join additional parties, or seek additional relief as discovery and further investigation may warrant.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

63. Plaintiffs repeat and reallege paragraphs 22 through 62 as though fully set forth herein.

64. Defendants contend that the Florida Condo constitutes property of the Debtor's estate while Plaintiffs contend otherwise.

65. Plaintiffs contend that the Debtor possesses no beneficial or equitable ownership interest in or to the Florida Condo.

66. An actual controversy exists concerning the ownership of the Florida condominium.

67. Plaintiffs are entitled to a declaration determining the parties' respective rights and interests in the Florida Condo.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment Determining the Extent of**
**Property of the Estate Pursuant to 11 U.S.C. § 541(d))**

68. Plaintiffs repeat and reallege paragraphs 22 through 62 as though fully set forth herein.

69. Section 541(d) of the Bankruptcy Code provides that property in which the debtor holds, as of the commencement of the case, only bare legal title and not an equitable or beneficial interest becomes property of the estate only to the extent of the debtor's legal title and not to the extent of any equitable or beneficial interest that the debtor does not hold.

70. As alleged herein, Euro Exchange Securities UK Limited acquired record title to the Florida Condo without providing any consideration.

71. As further alleged herein, Plaintiff Gasparini Sr. furnished all the consideration to acquire the Florida Condo, pay the mortgage, taxes, property insurance, condominium charges and

assessments, maintenance and repair expenses, and other costs associated with the Florida Condo, exercised exclusive authority, dominion and control over the Florida Condo, managed and leased the Florida Condo, collected all rent proceeds, and otherwise retained all the benefits and burdens of equitable and beneficial ownership.

72. At no time did Euro Exchange Securities UK Limited exercise any authority, dominion or control over the Florida Condo, nor did it contribute any funds toward the acquisition, preservation, maintenance, or repair of the Florida Condo, and only contributed limited funds toward the improvement of the Florida Condo.

73. Defendants nevertheless assert that the Florida Condo constitutes property of the Debtor's bankruptcy estate by virtue of the Debtor's record title and the Chapter 15 Recognition Order.

74. An actual and justiciable controversy therefore exists concerning the nature and extent of the Debtor's interest in the Florida Condo and, correspondingly, the extent to which the Florida Condo constitutes property of the Debtor's bankruptcy estate within the meaning of 11 U.S.C. § 541(d).

75. Plaintiffs contend that, because the Debtor held at most bare legal title to the Florida Condo as of the commencement of the UK Proceeding and the Chapter 15 case, only such bare legal title, if any, became property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(d), while the equitable and beneficial ownership remained (and continues to remain) vested in one or both Plaintiffs.

76. Plaintiffs are entitled to a declaration determining the nature and extent of the Debtor's interest in the Florida Condo and declaring that neither the equitable nor the beneficial

ownership of the Florida Condo became property of the Debtor's bankruptcy estate under 11 U.S.C. § 541(d).

**THIRD CLAIM FOR RELIEF**
**(Purchase-Money Resulting Trust)**

77. Plaintiffs repeat and reallege paragraphs 22 through 62 as though fully set forth herein.

78. The transfers of title described above were not made with the intention of conveying or relinquishing the equitable or beneficial ownership of the Florida Condo to Euro Exchange Securities UK Limited.

79. At all relevant times, Plaintiff Gasparini Sr. intended to retain all equitable and beneficial ownership of the Florida Condo notwithstanding the bare legal title transfers of record title described above.

80. At no time did Plaintiff Gasparini Sr. intend to gift the Florida Condo, or any equitable or beneficial interest in or to the Florida Condo, to either Euro Financial Corp. or Euro Exchange Securities UK Limited.

81. Equity requires recognition of a resulting trust in Plaintiffs' favor.

**FOURTH CLAIM FOR RELIEF**
**(Constructive Trust)**

82. Plaintiffs repeat and reallege paragraphs 22 through 62 as though fully set forth herein.

83. At the time title was acquired, Gasparini Sr. and Maria Mazara were husband and wife enjoyed a confidential and fiduciary relationship.

84. Plaintiff Gasparini Sr. continuously acted in reliance upon his understanding that the equitable and beneficial ownership of the Florida Condo remained his notwithstanding the bare legal title transfers of record described above, including by paying the necessary funds to acquire the Florida Condo and, thereafter, all mortgage indebtedness, taxes, property insurance, condominium charges and assessments, maintenance and repair expenses, and all other costs associated with the Florida Condo for nearly two decades.

85. The circumstances surrounding the acquisition, maintenance, and subsequent transfers of title make it inequitable for the Debtor's estate to claim any equitable or beneficial interest in and to the Florida Condo.

86. Allowing the Debtor's estate to assume any equitable or beneficial ownership of the Florida Condo would unjustly enrich the Debtor and its creditors at Plaintiffs' expense.

87. Plaintiffs are entitled to the imposition of a constructive trust over the Florida Condo under Florida law.

**FIFTH CLAIM FOR RELIEF**
**(Equitable Lien)**

88. Plaintiffs repeat and reallege paragraphs 22 through 62 as though fully set forth herein.

89. Plaintiff Gasparini Sr. furnished the contract deposit and all funds required to close the acquisition of the Florida Condo.

90. Since the acquisition of the Florida Condo in 2006, Plaintiff Gasparini Sr. has continuously and exclusively paid the mortgage indebtedness encumbering the Florida Condo, including the principal, interest, escrowed real estate taxes, and property insurance.

91. Since the acquisition of the Florida Condo, Plaintiff Gasparini Sr. has continuously and exclusively paid the condominium assessments, special assessments, maintenance and repair expenses, and all other costs attendant to the Florida Condo.

92. Plaintiff Gasparini Sr. has continuously maintained, managed, protected, and preserved the Florida Condo by collecting rental income, applying such rental income toward the indebtedness and carrying costs of the Florida Condo, and funding any deficiencies from his personal assets.

93. Euro Exchange Securities UK Limited provided none of the funds necessary to acquire the Florida Condo. Nor has it ever paid any mortgage payments, condominium charges or assessments, real estate taxes, property insurance premiums, maintenance and repair expenses, and other costs attendant to the Florida Condo, other than contributing approximately $54,000.00 to the capital improvements made to the Florida Condo.

94. Euro Exchange Securities UK Limited has never exercised any authority, dominion or control over the Florida Condo.

95. At no time since the bare legal title transfer to Euro Exchange Securities UK Limited did Plaintiff Gasparini Sr. surrender possession, dominion, control, or any other incident of equitable or beneficial ownership of the Florida Condo, all of which remained continuously vested in him.

96. The expenditures made by Plaintiff Gasparini Sr. substantially preserved, protected, and enhanced the value of the Florida Condo by reducing the principal mortgage balance, preserving and enhancing the value of the Florida Condo, and maintaining insurance coverage over the Florida Condo.

97. In addition to the above-described expenditures made by Plaintiff Gasparini Sr., Plaintiff Gasparini Sr. expended approximately $121,000.00 for substantial capital improvements that preserved, modernized, and materially enhanced the value of the Florida Condo, as more fully described above.

98. In addition, Plaintiff Gasparini Jr. expended approximately $100,000.00 for substantial capital improvements that preserved, modernized, and materially enhanced the value of the Florida Condo, as more fully described above.

99. Plaintiffs have conferred significant economic value upon or possess equitable and beneficial ownership interests in and to the Florida Condo that firmly established principles of justice, fairness, and equity should protect.

100. Equity requires the imposition of an equitable lien against the Florida Condo in Plaintiffs' favor to secure, protect and recognize the significant economic value of their collective contributions, expenditures, and interests in and to the Florida Condo.

**WHEREFORE,** Plaintiffs demand judgment:

(a) declaring that Euro Exchange Securities UK Limited holds no equitable or beneficial interest in the Florida Condo;

(b) declaring that the Debtor holds nothing but bare legal title to the Florida Condo;

(c) imposing a resulting trust in and to the Florida Condo in Plaintiffs' favor;

(d) imposing a constructive trust upon the Florida Condo in Plaintiffs' favor;

(e) imposing an equitable lien upon the Florida Condo in Plaintiffs' favor in an amount to be determined at trial, securing, protecting and recognizing the significant economic value of the purchase consideration, mortgage payments, real estate taxes, property insurance premiums, condominium charges and assessments, maintenance and repair expenses, capital improvements, and all other expenditures made by or on behalf of Plaintiffs with respect to the Florida Condo; and,

(f) granting such other and further relief as the Court deems just, equitable, and proper.

Dated: August 26, 2026
New York, New York

MORITT HOCK & HAMROFF LLP
Counsel for Plaintiffs

By: */s/ David A. Blansky*
Leslie A. Berkoff
David A. Blansky
1407 Broadway, 39th Floor
New York, New York 10018